## In re BLADEN et al.

(Supreme Court, Appellate Division, Second Department. March 26, 1915.)

1. INSANE PERSONS ☜42—GUARDIANSHIP—ACCOUNTING BY COMMITTEE OF PERSON OF INCOMPETENT.

Though ordinarily a proceeding to settle the interim accounts of the committee of the person of an incompetent is unnecessary, yet, where the committee has an accumulating surplus resulting from allowances in advance not being expended, the committee may voluntarily account, or the committee of the estate may apply for an accounting.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 64–67; Dec. Dig. ☜42.]

2. INSANE PERSONS ☜41—GUARDIANSHIP—COMPENSATION OF COMMITTEE.

In determining compensation of a committee of the person of an incompetent, the difficulties in connection with the home and person of the incompetent when the committee began their duties are rightly considered.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 39, 63; Dec. Dig. ☜41.]

3. REFERENCE ☜76—COMPENSATION OF REFEREE—STATUTORY PROVISIONS.

The maximum compensation allowed a referee is fixed by Code Civ. Proc. § 3296, at $10 per day, with his stenographer's expenses, and the court may not allow greater compensation.

[Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 109–113; Dec. Dig. ☜76.]

Appeal from Kings County Court.

Application of John T. Bladen and another, as committee of the person of Samuel E. Haslett, an incompetent, for settling interim accounts of the committee. From an order confirming the report of a referee, adjusting and determining the account of the committee and fixing the compensation of the committee, with award of costs and allowances, the Brooklyn Trust Company, committee of the property of the incompetent, and John T. Bladen, both appeal. Modified and affirmed.

See, also, 164 App. Div. 955, 149 N. Y. Supp. 1071.

Argued before JENKS, P. J., and THOMAS, STAPLETON, RICH, and PUTNAM, JJ.

Francis L. Archer, of Brooklyn (Edgar M. Cullen, of Brooklyn, on the brief), for appellant Brooklyn Trust Co.

Robert H. Wilson, of Brooklyn, for appellant Bladen.

S. Stanwood Menken, of New York City, for respondent.

PUTNAM, J. The committee of the person of Mr. Haslett, an incompetent, presented to the County Court an interim account, covering the period of 20 months—March 18, 1912, to November 18, 1913. The Brooklyn Trust Company and Mr. John T. Bladen had been appointed committee of the property of the incompetent, and Mr. Bladen, with Mrs. Ellen Haslett Samuel, committee of the incompetent's person. Code of Civil Procedure, § 2322, expressly declares that the committee of the person and the committee of the property "may be the same individual, or different individuals, in the discretion of the court."

On June 7, 1912, the committee of the property had been ordered to pay to the committee of the person $1,000 a month for the incompetent's maintenance. Mrs. Samuel resided in Richmond borough, and Mr. Bladen is a member of the bar in Brooklyn, so that the principal duties of the committee fell on him. A year after these appointments, the Brooklyn Trust Company and Mr. Bladen filed an account of the committee of the property. That accounting and the order settling the accounts is not before us for review. It was introduced to show that upon this earlier accounting Mr. Bladen, as one of the committee of the property, had been allowed $5,215.68 statutory commissions and $6,000 as extra compensation, with $5,162.92 as fee and disbursements of his attorney.

In December, 1913, the committee of the person filed its account, and asked that it be judicially settled. In the 20 months covered it showed receipts $18,432.06, disbursements for the incompetent of $8,929.76, leaving in hand $9,502.30. Instead of spending the monthly allowance, the disbursements had been under $450 a month, in which are medical expenses, as well as ordinary household outlays. An examination of the account reveals the committee's care and prudence in its manifold duties. On December 15th the court sent to a referee to state the committee's account, and to report what this committee of the person should have as proper yearly compensation.

After hearings before the referee had begun, the Brooklyn Trust Company moved to vacate this order of reference, on the ground that the Code of Civil Procedure contained no provision for settling interim accounts of a committee of the person, and urging that for a committee of the person such proceedings were needless and expensive. This motion was denied, and the hearings before the referee went on and his report ensued. After this report, Mr. Bladen moved to increase the referee's recommendation of $3,300 as appellant's yearly compensation, as well as the fee of $2,500 for Mr. Bladen's counsel. The County Court, however, denied this motion for increases, and confirmed the report. The Brooklyn Trust Company and Mr. Bladen have each appealed.

[1] Ordinarily such proceedings to settle the interim accounts of the committee of the person are unnecessary. Diaper v. Anderson,

37 Barb. (N. Y.) 168. The accounts are to be filed yearly, to inform the court how the trust is being discharged. Matter of Hawley, 104 N. Y. 250, 10 N. E. 352. But this committee of the person had an accumulating surplus, and we cannot say that its petition for a settlement should not have been entertained. This large allowance was unlike a precise monthly payment to an asylum, which carries no duty to account. When the sum allowed in advance has not been expended, the committee of the person should account. In such case the committee of the estate may apply against the committee of the person to find out what had become of the money which had been handed over for that specific purpose. In re French, L. R. 3 Chan. Appeals, 317. But such a voluntary accounting, with a judicial settlement thereof following so soon after that, by the committee of the property, should not be made burdensome to the estate.

[2] After careful consideration of the referee's report and instructive opinion, we find no ground to disturb his conclusions as to the committee's yearly compensation. In reporting such compensation, the difficulties in connection with the home and person of the incompetent, when the committee had to begin their duties, were rightly considered. These conditions and difficulties, however, are lessened as the duties and position of the committee become established. A majority of the court are of opinion that after November 18, 1913, the date of the present accounting, this compensation should be reduced, so that Mr. Bladen shall thereafter be paid at the rate of $1,800 per year, with $900 per year to Mrs. Samuels.

As Mr. Bladen is himself a member of the bar, and in view of the allowances to his same counsel upon the prior accounting, Mr. Wilson's counsel fee should be reduced to $1,500; also counsel for Mrs. Samuel should be allowed but $750.

[3] It does not appear that the learned referee asked for the sum which the court allowed him as referee. While he has rendered important services, which for counsel of his standing may well be valued at the compensation allowed, the court cannot go beyond the terms of the statute (section 3296, Code Civ. Proc.), to which limit of $10 a day, with his stenographic expense, we reduce the allowance made by the learned County Court.

As thus modified, the order should be affirmed, with costs of this appeal to the Brooklyn Trust Company, payable out of the incompetent's estate. All concur.